IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Wyman Scott, ) | |
| ) | Cr. No. 3:09-963 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

On September 3, 2009, Movant Maurice Wyman Scott pleaded guilty to knowingly and fraudulently making a false declaration, in violation of 18 U.S.C. § 152(3) (Cr. No. 3:08-484); knowingly and fraudulently making a false declaration, in violation 18 U.S.C. § 152(3) (Cr. No. 3:09-759); and conspiracy to use unauthorized access devices, in violation of 18 U.S.C. § 371 (Cr. No. 3:09-963). Movant was sentenced on May 18, 2011, to three years of probation as to each offense, to be served concurrently. Movant also was ordered to pay restitution in the amount of $91,054.37. Judgment was entered on May 26, 2011. Movant did not file a notice of appeal.

On September 16, 2011, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant asserted the following grounds for relief:

1. United States Constitutional protection under the sixth amendment 1. In criminal docket 3:09CR00963-001MJP. The informational charges the defendant with conspiracy to commit fraud in connection with access devices. The referring proposed victim stated as Alltel Communication. 2. The stated victim in such informational is Alltel and stated as such during all informational charging period. 3. Alltel through approval by the Justice department in the sale to Verizon, sold, absorbed, and relinquished all pending, or previous debts, both personal and consumer prior to sale to collection company Risk Management. 4. Verizon was not listed as a victim, nor considering that documents subject to the Justice Departments approval, or sale listed or transferred collection thereby. (ECF No. 112, p. 4.)

2. Military Trauma styled as PTSD, Dissociative Identity Disorder, depression

consideration. 1. From periods 08/09/1989 to 01/16/2009 veteran of the United States Army was refused treatment for PTSD, Dissociative Identity Disorder (Multiple Personality Disorder, and depression. 2. 01/16/2009 and 05/18/2011 veteran diagnosised with Chronic PTSD. 3. Mental health examination by Sherod Brown by the government was post indictment, not pre-indictment. 4. Veterans mental capacity wasn't considered in its deminishing capacity or resulting multiple personalities prior to treatment. (Id. at p. 5.)

3. 26 USC 6065. 1. Verizon Wireless manufactured documents in this criminal document, specifically in 90 percent of the listed evidence, and records, No transfer was done, i.e., the delivery address is or was Alltel corporate headquarters. (Id. at p. 7.)

4. United States Constitution, Fifth Amendment (Protection against Double Jeopardy). 1. Double Jeopardy applied if transferred to pay Verizon, per case number I915786, in Richland County Summary Court, no further charges or sought charges can be added from any action associated with Verizon. (Id. at p. 8.)

Respondent filed a motion for summary judgment on October 14, 2011. By order filed October 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on October 26, 2011. On December 20, 2011, the court issued an order in which it determined that Movant's claims could have been raised on direct appeal, and that the claims were procedurally defaulted. Accordingly, the court granted Respondent's motion for summary judgment and denied Movant's § 2255 motion.

This matter now is before the court on motion under § 2255 to vacate, set aside, or correct sentence, which motion was filed by Movant on March 11, 2013. Movant raises the following grounds for relief:

1. Victim Perjury, misinforming the government, and or stating facts now known to be inaccurate. 1. Victim Alltel, without legal transfer application through the court was out of existence as a single entity, at time of charges,

and at time of judgement. 2. Evidence presented to the government in aggravated lost was over stated, and manufactured by the victim, but not realized by the government. I.E. The evidence within the governments possession from Alltel, provided by Alltel indicates by written document, that ownership of 250 individual units of the 273 units stated never were transferred to the defendant, but by evidence, only remained within the complete control, and possession of Alltel, its agents and employees, which based upon that document took possession by signiture affixed. 3. By attached letter, and letter head letter within the case file presented to the Defense attorney, the debt in total of any and all related charges personal or business has never exceed ($4077.94), and sold to AFNI Incorporated 1310 Martin Luther King Drive, Bloomington, IL 61702. By such debt in settlement as stated, this debt in accordance with foregone payments has been satisfied in full. (ECF No. 66, p. 4.)

2. Misrepresentation of amount of units obtained, and thereby misrepresented amount of loss. The aggravated loss wasn't as stated in the informational of ($117,054.37) but by document attached at maximum only $4077.94. In accordance with United States Tax Code, Alltel in such dissolution, as stated in documents approved by the United States Justice Department, and the Federal Trade Commission, transferred no carrier debt in the sale to Verizon, such debt was absorbed in dissolution tax expenditures, not limited to sale of past due debts to collection organizations, and total authorized business loss expenditures. With current settlement offer having been paid in excess through the court as of th is date, and their by such restitution should be completely relieved immediately. (Id. at p. 6.)

3. The aggravated units within the defendants possession as stated, by invoice, is only 23 units. In support of the total units, as per the record will reflect by the evidence provided by Alltel, during the course of the investigation. The evidence will reflect that usage, and total charges did not exceed aggravated loss or consumption of more than $1000.00, the charges at best would have be proceeded as a misdeameanor, rather than a felony. Alltel in its information provided manufactured evidence, in scope of time, the time period was not within a one year continuious period, which in effects destroys the elements of the judgement. (Id. at p. 8.)

4. 18 U.S.C. 1623 against Alltel. Presenting material false statements under oath before or ancillary to federal court or grand jury proceedings. A third, 18 U.S.C. 1622 (subornation of perjury), prohibits inducing or procuring another to commit perjury in violation of either Section 1621 or Section 1623. 1. Alltel in presentation presented knowingly evidence of units in total when the evidence provided indicates that those units remained within their

own employees, and location, by invoice. 2. Alltel intentionally misrepresented time lines to fit statue, while factual information would insist that those time lines didn't exist, within the requirement of the statue. 3. Alltel intentionally place value upon produces or goods, knowingly that such good had no value, on presentment to defendant, or such value was paid during transaction. 4. Alltel intentionally made such charges or complain having already or within the process of recieving consideration in funds from AFNI Inc. and subsequently attempted to get paid twice. (Id. at p. 9.)

On April 11, 2013, Respondent filed a motion to dismiss and response in opposition to Movant's second § 2255 motion on the grounds that Movant had failed to obtain permission from the Court of Appeals to file a successive § 2255 motion, as required by 28 U.S.C. § 2255(h). A Roseboro order was issued on April 11, 2013. Movant filed no response to Respondent's motion to dismiss.

## DISCUSSION

As amended by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255 bars successive collateral review applications unless they contain claims relying on certain types of newly discovered evidence or a new rule of constitutional law that was previously unavailable and made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255. A prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. See 28 U.S.C. § 2244(b)(3); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(a)). Movant has not obtained the requisite authorization.

## CONCLUSION

For the reasons stated, Respondent's motion to dismiss (ECF No. 71) is **granted**, and Movant's § 2255 motion (ECF No. 66) is **denied and dismissed**, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 21, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**